UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ROBERT McCLAURIN

        Petitioner,

-against-

FIDEL GONZALEZ,

        Respondent.
----------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-3523 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2006 ★
P.M. _____
TIME A.M. _____

TOWNES, U.S.D.J.:

Robert McClaurin, *pro se*, files the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Kings County conviction rendered February 14, 2005. For the following reasons, the petition is dismissed without prejudice as premature.

Petitioner filed the instant petition on May 17, 2006.[1] As of the date of the filing of his petition, petitioner's appeal of his criminal conviction was pending before the Appellate Division. Pet. ¶ 10. As a prerequisite to habeas relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997); *Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc) (petitioner must set forth in state court all of the essential factual allegations and legal premises asserted in his federal petition), *cert. denied*, 464 U.S. 1048 (1984). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and "increas[es] the likelihood that the factual

---

[1] By order dated June 23, 2006, the Honorable Michael B. Mukasey of the United States District Court for the Southern District of New York transferred the instant petition to this Court as petitioner was convicted in Kings County.

allegations necessary to a resolution of the claim will have been fully developed in the state court, making federal habeas review more expeditious." Daye, 696 F.2d at 191. Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law. Jones, 126 F.3d at 413. Because petitioner has not presented to the state court any of the issues raised here as grounds for habeas relief, the instant petition is prematurely filed.[2]

Accordingly, the petition is dismissed, without prejudice, to renewal upon exhaustion of the remedies available in the courts of the State of New York. 28 U.S.C. § 2254(b). As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2006
Brooklyn, New York

---

[2]Petitioner is advised that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period runs from the latest of: (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d).